## RAWLINS *v.* GEORGIA.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 547. Argued April 6, 1906.—Decided April 16, 1906.

If the state constitution and laws in regard to selection of jurors, as construed by the state court, are consistent with the Fourteenth Amendment, this court can go no further, and will not revise the decision of the state court as to whether the local law has been complied with.

There is nothing in the Fourteenth Amendment which prevents a State from excluding and exempting from jury duty certain classes on the *bona fide* ground that it is for the good of the community that their regular work should not be interrupted.

Even when persons liable to jury duty under the state laws are excluded it is no ground for challenge to the array, if a sufficient number of unexceptionable persons are present.

THE facts are stated in the opinion.

*Mr. John Randolph Cooper,* with whom *Mr. Oscar M. Smith* was on the brief, for plaintiffs in error.

*Mr. John C. Hart* for defendant in error, submitted, the court declining to hear oral argument.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiffs in error were indicted for murder, tried, and found guilty. Leonard Rawlins was sentenced to the penitentiary for life, and the others were sentenced to be hanged. When the grand jury was organized each of the accused filed a written challenge to the array, on the ground that "while there are in Lowndes County many lawyers, many preachers, ministers, many doctors, many engineers and firemen of railroad trains, and many dentists, as many as ten of each class named, or other large number of each of said class, all citizens and residents of said county, and being competent and qualified jurors, as to age and uprightness, experience and intelligence, and as to all the legal qualifications of a juror, yet each and every one of these classes of citizens, and each and every member thereof in the county, is expressly and purposely excluded from the grand jury service by the commissioners failing and refusing to put any of said names in the box, so that, not being in the box, they can not be legally drawn for service." The challenge was repeated as a plea in abatement, and the petit jury was challenged on the same ground. Rights under the Fourteenth Amendment were specially set up and claimed. The challenges and pleas were overruled subject to exceptions. The exceptions were overruled by the Supreme Court of the State, 52 S. E. Rep. 1, and a writ of error was taken out to bring the case to this court.

At the argument before us the not uncommon misconception seemed to prevail that the requirement of due process of law took up the special provisions of the state constitution and laws into the Fourteenth Amendment for the purposes of the case, so that this court would revise the decision of the state court that the local provisions had been complied with. This is a mistake. If the state constitution and laws as construed

by the state court are consistent with the Fourteenth Amendment, we can go no further. The only question for us is, whether a State could authorize the course of proceedings adopted, if that course were prescribed by its constitution in express terms.

When the question is narrowed to its proper form the answer does not need much discussion. The nature of the classes excluded was not such as was likely to affect the conduct of the members as jurymen, or to make them act otherwise than those who were drawn would act. The exclusion was not the result of race or class prejudice. It does not even appear that any of the defendants belonged to any of the excluded classes. The ground of omission no doubt was that pointed out by the state court, that the business of the persons omitted was such that either they would have been entitled to claim exemption or that probably they would have been excused. Even when persons liable to jury duty under the state laws are excluded it is no ground for challenge to the array, if a sufficient number of unexceptionable persons are present. *People* v. *Jewett*, 3 Wend. 314. But if the state law itself should exclude certain classes on the *bona fide* ground that it was for the good of the community that their regular work should not be interrupted, there is nothing in the Fourteenth Amendment to prevent it. The exemption of lawyers, ministers of the gospel, doctors, and engineers of railroad trains, in short substantially the exemption complained of, is of old standing and not uncommon in the United States. It could not be denied that the State properly could have excluded these classes had it seen fit, and that undeniable proposition ends the case.

*Judgment affirmed.*