STATE of Iowa, Appellee,

v.

Larry E. BURTON, Appellant.

No. 57266.

Supreme Court of Iowa.

July 31, 1975.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for robbery with aggravation in violation of § 711.2, The Code. The sole issue is whether the trial court erred in overruling his pretrial motion to dismiss based upon an alleged denial of statutory rights to speedy indictment and speedy trial. We find no reversible error and affirm the trial court.

Defendant was originally arrested upon a charge of burglary with aggravation under § 708.2, The Code. He was held to answer on that charge upon waiver of preliminary hearing on December 14, 1973. He was informed against on that charge in district court on December 28, 1973. He was arraigned and entered a plea of not guilty to that charge January 7, 1974. Trial was set for February 6, 1974, but the State was granted a continuance.

On February 19, 1974, the State separately initiated the present case by filing a county attorney's information charging defendant with robbery with aggravation. It is agreed by the parties that the burglary and robbery charges arose from events which allegedly occurred at the same time and place.

Upon motion by the State under § 795.5, The Code, the burglary charge was dismissed "in the interest of justice" on February 22, 1974.

■ Defendant was arraigned the same date on the robbery charge and entered a plea of not guilty. Trial was set on that charge for March 20, 1974. On February 25, 1974, defendant filed a motion to dismiss the charge alleging that he was denied his statutory rights to speedy indictment and speedy trial under §§ 795.1 and 795.2, The Code. He asserted that the 30 day period for indictment on the robbery charge was triggered December 14, 1973, when he was held to answer on the burglary charge and that the 60 day period for trial on the robbery charge was triggered December 28, 1973, by the filing of the county attorney's information on the burglary charge.

The trial court overruled the motion to dismiss. The court advanced the trial date of the robbery charge to February 27, 1974. Defendant's trial commenced that date, and he was in due course convicted and sentenced.

■ We are unable to accept defendant's premise that the speedy indictment and speedy trial time limitations relating to the burglary charge were applicable to the separate robbery charge simply because both charges arose from the same episode. Defendant's theory is apparently based on analogy to the principle of collateral estoppel adopted by the United States Supreme Court in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). That principle does not help the defendant. It bars the State from maintaining a second prosecution based on a single transaction if an essential issue in that prosecution was adjudicated adversely to the State in an earlier prosecution. *State v. O'Kelly,* 211 N.W.2d 589, 594 (Iowa 1973). It does not limit the State to a single charge from one episode, nor does it make separate charges from one episode a single charge for purposes of statutory speedy indictment and speedy trial guarantees.

■ Similarly, defendant's contention receives no support from analogy to the principle of former jeopardy. The charges of burglary with aggravation and robbery with aggravation are separate and distinct offenses; each contains elements not included in the other. They are not the "same offense". See *State v. Stewart,* 223 N.W.2d 250, 251 (Iowa 1974).

■ Defendant argues this case is like *State v. Johnson,* 217 N.W.2d 609 (Iowa 1974), where we held dismissal of a charge under § 795.2 for denial of a speedy trial bars reprosecution of that charge. This argument is inapposite. The charges in Johnson were the same; here they are not. In addition, the first dismissal in this case was under § 795.5 which, as we observed in Johnson, reserves the right of reprosecution in the State. The record in this case does not show the dismissal under § 795.5 was a subterfuge by the State to avoid the consequences of § 795.2.

We are not confronted with a constitutional challenge in this case. Therefore the principles in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), are not involved.

Defendant was first charged with robbery with aggravation on February 19, 1974, when the county attorney's information alleging that offense was filed in district court. He had not previously been held to answer on that charge. The 30 day limitation period of § 795.1 never came into play. *State v. Mays,* 204 N.W.2d 862, 866 (Iowa 1973). The filing of the county attorney's information was timely.

Defendant was brought to trial eight days after the county attorney's information was filed. This was well within the 60 day limitation in § 795.2.

The trial court did not err in overruling defendant's motion to dismiss.

Affirmed.