STATE of Iowa, Appellee,

v.

Jon Robert WILLIAMS, Appellant.

No. 59631.

Supreme Court of Iowa.

April 19, 1978.

Rehearing Denied June 23, 1978.

Johnson & Phelan, Fort Madison, and Pritzker & Glass, Ltd., Chicago, Ill., for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and Jack W. Dooley, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

LeGRAND, Justice.

A jury convicted defendant of delivery of a controlled substance (cocaine) in violation of § 204.401(1), The Code, 1973. A later accommodation hearing under § 204.410 resulted in a finding the delivery was for profit. Defendant was sentenced to a term of not more than ten years in the men's reformatory and fined $1,000.00. He appeals from this judgment, and we affirm.

The appeal presents two issues. First, defendant alleges §§ 607.2 and 609.2, The Code, unconstitutionally deprived him of his right to trial by an impartial jury as guaranteed by both the federal and state constitutions. His second complaint asserts he

was denied due process of law as guaranteed by the 5th and 14th amendments to the federal constitution because of unreasonable delay in prosecuting him.

I. At the time of the events in question, the two challenged statutes were in part as follows:

"§ 607.2 Exemption. The following persons are exempt from liability to act as jurors:

1. Persons holding office under the laws of the United States or of this state.

2. Practicing attorneys, physicians, licensed embalmers, registered nurses, chiropractors, osteopaths, veterinarians, registered pharmacists, dentists, and clergymen, including Christian Science practitioners and readers.

3. Acting professors or teachers of any college, school, or other institution of learning.

4. Persons disabled by bodily infirmity.

5. Persons over sixty-five years of age.

6. Active members of any fire company.

7. Persons conscientiously opposed to acting as a juror because of religious faith."

Section 609.2 Non Eligible Names:

"The appointive commission, in the preparation of said [jury] lists, shall not place thereon the name of any person:

\*    \*    \*    \*    \*    \*

9. Who has been exempted by law from jury service."

Defendant contends he was denied trial by an impartial jury because § 607.2, as implemented by § 609.2, removes from potential jury service a sizeable portion of the population of Johnson County. This, he argues, made it impossible to pick a jury from a cross section of the population which would be representative of the community as a whole.

We recently overruled a somewhat similar contention in *State v. Brewer*, 247 N.W.2d 205, 209–10 (Iowa 1976), where we held § 607.2 valid against attack on the statutory scheme for selecting juries as being unconstitutional on its face. Defendant's claim here is different. He does not argue the per se unconstitutionality of the statute but insists it is invalid as applied to him under the particular facts of this case.

He zeroes in particularly, but not exclusively, on the statutory exclusion of all teachers and professors, pointing out this group is much more numerous in Johnson County than elsewhere because it is the seat of the University of Iowa. In an apparent effort to escape the impact of *Brewer*, he urges on us the rationale of *Taylor v. Louisiana*, 419 U.S. 522, 537, 95 S.Ct. 692, 701, 42 L.Ed.2d 690, 702 (1975), where the court said:

"What is a fair cross section at one time or place is not necessarily a fair cross section at another time or a different place."

In *Brewer*, we reviewed the principles applicable to defendant's right to an impartial jury. There we stated again the rule that petit juries must be drawn from a representative cross section of the community to assure a defendant his "fundamental right to a fair and impartial jury." However, this does not deny the state the right to exempt certain classes from jury service on reasonable grounds as long as the remaining eligible group is "representative of the community." *State v. Brewer*, 247 N.W.2d at 209–10; *State v. Williams*, 243 N.W.2d 658, 662 (Iowa 1976).

Defendant relies heavily on *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) and *Carter v. Jury Commission of Greene County*, 396 U.S. 320, 332, 90 S.Ct. 518, 525, 24 L.Ed.2d 549, 557–58 (1970). These cases, too, lay down the above principles, placing particular stress on exclusions based on race and sex, matters not present in the case under consideration.

The authority of states to determine the qualifications of jurors is of long standing. *See Rawlins v. Georgia*, 201 U.S. 638, 26 S.Ct. 560, 50 L.Ed. 899, 900 (1906). The

principles announced there were cited with approval as recently as *Taylor*, where the court said:

"The states are free to grant exemptions from jury service to individuals in case of special hardship or incapacity and to those engaged in particular occupations the uninterrupted performance of which is critical to the community's welfare. *Rawlins v. Georgia*, 201 U.S. 638, 26 S.Ct. 560, 50 L.Ed. 899 (1906)." 419 U.S. at 534, 95 S.Ct. at 700, 42 L.Ed.2d at 700.

■ Defendant's argument is that our statutory exclusions cannot pass that test as applied to him. However, he has no solid ground for this complaint because the trial court found (and defendant admitted) that the persons exempt under the statutes were *not* excluded from the lists drawn by the commission.

We quote from defendant's motion to quash the jury panel:

"The present jury commission * * * has deliberately and knowingly ignored the provisions of §§ 607.2 and 609.2 by placing on said panel of petit jurors individuals 'exempted by law from jury service.' Said action by the jury commission clearly violates §§ 607.2 and 609.2, The Code."

Defendant thus finds himself in an anomalous position. He argues, on the one hand, the presence of certain classes for jury service was indispensable to preserve his constitutional rights and he insists, on the other, that it was error to include these very persons on the list of potential jurors.

■ This raises an additional question: was the jury panel invalid because ineligible persons were included on the list of potential jurors? We think not.

■ We have held statutes regulating the selection of jurors to be directory only. It is sufficient if they are substantially complied with. We said this as long ago as *State v. Carney*, 20 Iowa 82, 84–85 (1866) and as recently as *State v. Dohrn*, 259 N.W.2d 801, 804 (Iowa 1977).

In the latter case this appears:

"Our statutes establishing grand jury selection procedures are directory. Deviations are reviewed in accordance [with the settled principle that a substantial compliance with the statute is sufficient]." 259 N.W.2d at 804.

While these cases dealt with the selection of grand juries, the same rules apply to the selection of petit juries under the rule announced in *State v. Wilson*, 166 Iowa 309, 315–16, 144 N.W. 47, 49 (1913), where we said in discussing digressions from the literal terms of the statutes:

"True, all these [cited] decisions relate to the selecting and return of grand jury lists, but those for petit jurors are prepared and returned by the same officers, in the same manner, and are prescribed in the same statutes, differing only in respect to the number of names, and the mode of selecting and returning must also be regarded as directory." 144 N.W. at 50.

We hold inclusion in the jury list of persons exempt from jury duty under § 607.2 did not invalidate the panel.

■ We also hold defendant was not denied a fair and impartial jury. *See* generally *State v. Williams*, 243 N.W.2d 658, 662 (Iowa 1976); *State v. King*, 225 N.W.2d 337, 342 (Iowa 1975); *State v. Knutson*, 220 N.W.2d 575, 577 (Iowa 1974). Defendant's first proposition is without merit.

II. The second issue relates to preindictment delay, which defendants says was unreasonable and prejudicial. He claims this requires a dismissal of the case.

■ The statute of limitations on this charge is three years. (§ 752.3.) The indictment was returned well within that period. However, the statute of limitations is not the only standard to be applied in determining whether defendant has been denied due process because of delay in prosecution. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) and *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Both these cases hold the length of, and reason for, such delay should be balanced against any result-

ing prejudice to see if a defendant has been inhibited in his defense.

We have considered this same matter in a number of recent cases. *See State v. Schlick*, 257 N.W.2d 59 (Iowa 1977); *State v. Newman*, 257 N.W.2d 29 (Iowa 1977); *State v. York*, 256 N.W.2d 922 (Iowa 1977); *State v. Burrell*, 255 N.W.2d 119 (Iowa 1977).

This is not a claim of denial of speedy indictment under § 795.1 or speedy trial under § 795.2, The Code. It is a due process claim under the 5th amendment to the federal constitution based on alleged unreasonable delay between the time the offense was committed and the time defendant was arrested and charged with the offense.

The cited cases fix certain guidelines for deciding the question we face here. They hold a defendant must establish two conditions before he can claim right to relief for preaccusatory delay. It must appear, first, that the delay is unreasonable and without justification and, second, the delay must have resulted in actual prejudice to his defense.

In *Burrell* we said:

"Defendant must show he was actually prejudiced in defending himself by the delay in order to invoke the protection afforded by the due process clause." 255 N.W.2d at 121.

Mere general claims of prejudice are insufficient. Actual prejudice must be both alleged and proved. The fact that the defendant is unable to reconstruct events charged or that his memory has dimmed is insufficient. *State v. Schlick*, 257 N.W.2d at 61; *State v. York*, 256 N.W.2d at 926; *State v. Burrell*, 255 N.W.2d at ·122.

Defendant relies on *Ross v. United States*, 121 U.S.App.D.C. 233, 238, 349 F.2d 210, 215 (1965); *People v. Hernandez*, 15 Mich.App. 141, 170 N.W.2d 851 (1968); and *People v. Lawson*, 38 Ill.App.3d 239, 347 N.E.2d 430 (1976). These cases do no more than approve the same rules our own decisions have adopted. Each holds defendant must show actual prejudice before delay denies due process. Each is decided, as every case must be, on its own special facts and circumstances.

We point out the *Lawson* case was reversed by the Illinois Supreme Court after defendant's brief was filed. See *People v. Lawson*, 67 Ill.2d 449, 10 Ill.Dec. 478, 367 N.E.2d 1244 (1977).

In considering defendant's claim, we keep in mind the peculiar nature of investigations and prosecutions for narcotics violations. These matters usually involve undercover work over a prolonged period. Ordinarily a number of persons are under surveillance. Good police work is concerned more with stopping the flow of narcotics than with the arrest of any one person. The moment one suspect is arrested, the value of the undercover agent in further investigation is destroyed.

We repeat what we said in *Schlick*, 257 N.W.2d at 61:

"There may be many sound reasons for investigative delay, particularly in drug cases which frequently involve related activities by a number of suspects. Sometimes a quick arrest of one would prevent apprehension of the others. Both *Marion* and *Lovasco* recognize that prosecutors must be allowed wide discretion in deciding when the time is ripe for bringing charges. This must be decided on a case-by-case basis. *Lovasco* specifically refused to lay down any guidelines by which to decide such matters except to say the State should not be allowed to use the delay merely to obtain a tactical advantage over defendant."

We start with the premise any prosecution within the statute of limitations is timely, unless the two factors referred to above have been shown. Here the delay was certainly of long duration—two-and-a-half years. The trial court found it was not unreasonable under the circumstances and found, too, that defendant had failed to show prejudice.

Defendant asserts he was unable to remember the events because of the delay, but the record does not bear this out. An examination of the evidence at defendant's

original trial shows he admitted delivery of the cocaine. The real question was whether he did so for profit. He testified unequivocally and in some detail that he did not. Defendant has failed to show the delay in any way hampered his defense.

He also claims two witnesses who might have helped him were unavailable because of the delay. However, one of these testified. The record before us does not show the other was actually unavailable nor any effort by defendant to locate him. Neither is there any plausible reason to believe his testimony would have helped defendant.

We hold trial court was right in overruling defendant's motion for dismissal on this ground.

III. The judgment is affirmed.

AFFIRMED.