**STATE of Iowa, Appellee,**

v.

**Stanley G. SUNCLADES, Appellant.**

**No. 64125.**

Supreme Court of Iowa.

May 13, 1981.

As Corrected June 15, 1981.

Timothy W. Shuminsky of Shuminsky & Shuminsky, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., and David L. Gill, Asst. Woodbury County Atty., for appellee.

Considered by LeGRAND, P. J., and UH-LENHOPP, McCORMICK, ALLBEE, and SCHULTZ, JJ.

SCHULTZ, Justice.

In this discretionary review defendant Stanley G. Sunclades was granted permission to appeal from the trial court's ruling denying his motion to dismiss a two-count criminal information charging him with going armed with intent in violation of section

708.8, The Code Supp.1977, and assault while participating in a felony in violation of section 708.3, The Code Supp.1977. The relevant facts are undisputed.

On July 21, 1978, defendant was arrested for the crime of attempt to commit murder after he had shot a victim in the lower abdomen. On July 31, 1978, defendant was charged by county attorney's information with attempt to commit murder in violation of section 707.11, The Code Supp.1977, a class C felony. A jury found him guilty of the lesser-included offense of assault with intent to inflict serious injury in violation of sections 708.1–.2, The Code Supp.1977, an aggravated misdemeanor, on January 12, 1979. He was sentenced to serve a prison term of two years in the Iowa State Penitentiary in Fort Madison on February 13, 1979.

Defendant was in custody either in the Woodbury County Jail or the Fort Madison Penitentiary for all but thirteen days from July 21, 1978, until July 19, 1979, when he was arrested on the present charges pursuant to a county attorney's information filed on June 27, 1979. The charges contained in the information filed on July 31, 1978, and the subsequent information filed on June 27, 1979, are based upon the same July 21, 1978, shooting incident. The informations contain the same minutes of witnesses' testimony, except that the latter information lists as a witness the court reporter who reported the trial that resulted in defendant's conviction of assault with intent to inflict serious injury.

Defendant claims that the trial court should have dismissed the information because the State failed to speedily indict him, because of preindictment delay, or because prosecution for the pending charges is barred by the doctrine of collateral estoppel.

I. *Failure to speedily indict.* Defendant contends that the time period during which an indictment must be found against an accused commences when the accused is "held to answer." Defendant maintains that he was held to answer in July 1978, when he was originally arrested and indict-ed for attempted murder, and that under Iowa R.Crim.P. 27(2)(a) the State had forty-five days to indict him for all charges arising from that incident. We disagree with defendant's position.

Under rule 27(2)(a) the forty-five-day time period for indictment commences when an accused is arrested. The enactment of the new Iowa Criminal Code repealed section 795.1, The Code 1977, which provided: "When a person is *held to answer* for a public offense, if an indictment be not found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." (Emphasis added). The legislature deleted the "held to answer" language when it enacted rule 27(2)(a), which, at the time of defendant's arrest on the present charges, provided: "When a person is *arrested* for the commission of a public offense and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto." (Emphasis added).

In *State v. Burton*, 231 N.W.2d 577 (Iowa 1975), the defendant was held to answer on the charge of burglary with aggravation on December 14, 1973. On February 19, 1974, the State initiated another criminal action against the defendant by filing a county attorney's information charging him with robbery with aggravation. Both charges arose from events that occurred at the same time and place. We rejected the contention that the indictment period prescribed by since-repealed section 795.1 commenced for the robbery charge at the time the defendant was held to answer on the burglary charge "simply because both charges arose from the same episode." *Id.* at 578.

We assume the legislature was familiar with the existing state of the law, and if it sought to remedy a specific evil it would have clearly so indicated. *See Peffers v. City of Des Moines*, 299 N.W.2d 675, 678 (Iowa 1980). We find no indication that the legislature, in enacting rule 27(2)(a), sought to change the *Burton* standard.

When a statute is plain and its meaning is clear, courts are not permitted to search for meaning beyond its expressed terms. *State v. Hocker*, 201 N.W.2d 74, 74 (Iowa 1972). The plain language of rule 27(2)(a) provides that the period of time during which an indictment must be returned commences when the defendant is arrested. *State v. Schmitt*, 290 N.W.2d 24, 26–28 (Iowa 1980) (apprehension of escapee constituted arrest, commencing forty-five-day period of rule 27(2)(a)). Under the *Burton* standard the time period applies only to the "public offense" for which the defendant was arrested, rather than to all offenses arising from the same incident or episode. We thus conclude that the forty-five-day period of rule 27(2)(a) that commenced when defendant was arrested for attempt to commit murder on July 21, 1978, applied only to that charge and lesser-included offenses thereof. It did not apply to the separate charges of going armed with intent and assault while participating in a felony, to wit: *going armed with intent.*

II. *Preindictment delay.* In addition to defendant's claim of denial of speedy indictment under rule 27(2)(a), defendant contends that the State's delay in indicting him for going armed with intent and assault while participating in a felony was unreasonable and prejudicial, requiring dismissal of those charges. The statute of limitations for returning an indictment for going armed with intent and assault while participating in a felony is three years from their commission. *See* § 802.3, The Code Supp. 1977. Defendant's indictment for these offenses was within the statutory period.

We have recognized that the limitations period is not the only standard for determining whether a defendant has been denied due process under the fourteenth amendment to the United States Constitution because of delay in indictment, however. In *State v. Williams*, 264 N.W.2d 779 (Iowa 1978), we noted that the length of, and reason for, the delay should be balanced against the resulting prejudice to the defendant. We also stated that before a defendant can claim relief for preindictment delay, two conditions must be established: "It must appear, first, that the delay is unreasonable and without justification and, second, the delay must have resulted in actual prejudice to his defense." *Id.* at 783. Furthermore, "[m]ere general claims of prejudice are insufficient. Actual prejudice must be both alleged and proved." *Id. See also State v. Burrell*, 255 N.W.2d 119, 121 (Iowa 1977).

The federal courts have also held that a defendant must establish actual and substantial prejudice resulting from preindictment delay, *see United States v. White*, 488 F.2d 660, 663 (8th Cir. 1973), and that prejudice will not be presumed, *see United States v. Feinberg*, 383 F.2d 60, 65 (2d Cir. 1967), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). Absent a showing of prejudice the applicable statute of limitations is the primary guarantee against indictment on state criminal charges. *United States v. Marion*, 404 U.S. 307, 322–25, 92 S.Ct. 455, 464–66, 30 L.Ed.2d 468, 479–81 (1971). There is no constitutional right to be arrested and charged at the precise moment probable cause comes into existence. *Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374, 386 (1966).

Defendant contends that his indictment on the charges at issue constitutes a denial of due process because the sequence of events violated his sixth-amendment right to effective assistance of counsel and, therefore, his ability to intelligently exercise his fifth-amendment right against self-incrimination. He asserts that, in advising a client during trial, counsel has a right to assume that no further charges will be filed after the client testifies, and if the State is allowed to indict and try a defendant and subsequently indict the defendant on other charges arising from the same incident, the defendant would be inhibited from testifying for fear that the State would use the testimony to bring additional charges.

We find no merit in defendant's argument. First, defendant has cited, and our research reveals, no authority to support his position. The test for determining whether a defendant has been denied effective assistance of counsel is whether, con-

sidering all of the circumstances, the attorney's performance was within the normal range of competency. *Zacek v. Brewer*, 241 N.W.2d 41, 51 (Iowa 1976). Effective assistance of counsel "means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him." *Scalf v. Bennett*, 260 Iowa 393, 399, 147 N.W.2d 860, 864 (1967). To warrant a finding of deprivation of due process the "circumstances must include 'an affirmative factual basis demonstrating counsel's inadequacy of representation.'" *State v. Massey*, 207 N.W.2d 777, 780 (Iowa 1973) (quoting *In re Parker*, 423 F.2d 1021, 1025 (8th Cir.), *cert. denied*, 398 U.S. 966, 90 S.Ct. 2182, 26 L.Ed.2d 551 (1970)).

█ We find no such factual basis. When counsel advises a defendant to testify, in the absence of a grant of immunity, there is always a possibility that the defendant's testimony will subsequently be used against him. *Cf. State v. Schomaker*, 303 N.W.2d 129, 131–32 (Iowa 1981) (affirming conviction based upon defendant's admissions while testifying during prior criminal trial). In essence, defendant is asking us to implement a flat rule of episodic immunity when a defendant is brought to trial, which would bar indictment and prosecution for offenses arising from the same transaction or episode. Although several states subscribe to this view, *see e. g., People v. White*, 390 Mich. 245, 257–59, 212 N.W.2d 222, 228–29 (1973); *State v. Gregory*, 66 N.J. 510, 519–21, 333 A.2d 257, 263 (1975); Ill.Rev.Stat. ch. 38, § 3–3(b) (1979), we have previously refused to adopt the episodic immunity doctrine, *see State v. Cabbell*, 252 N.W.2d 451, 452 (Iowa 1977); *State v. Birkestrand*, 239 N.W.2d 353, 364 (Iowa 1976); *State v. O'Kelly*, 211 N.W.2d 589, 593 (Iowa 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974), and defendant has not persuaded us to change our position.

█ Secondly, defendant's general allegations of possible or potential prejudice are not sufficient to meet the *Williams* requirement of showing actual prejudice. Although the information charging defendant with going armed with intent and assault while participating in a felony was filed approximately eleven-and-one-half months after the shooting incident upon which the charges are based, there is nothing in the record to indicate that the State's purpose for filing those charges was to seek revenge for defendant's conviction of assault with intent to inflict serious injury, rather than the greater offense of attempted murder. Had defendant established that the preindictment delay was occasioned solely to avoid the possibility of concurrent sentencing, we would not condone such a late prosecution. We will not presume bad faith or impropriety on the part of the State, however. There is nothing in the record to indicate that the State's motive for indicting defendant on the present charges was vindictive. Nor has defendant shown that he was actually prejudiced in any other way.

III. *Collateral estoppel/issue preclusion.* Defendant maintains that his prosecution for the offenses of going armed with intent and assault while participating in a felony is foreclosed by the principle of collateral estoppel/issue preclusion established by the United States Supreme Court in the landmark decision of *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The *Ashe* Court held "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475.

█ Certain conditions must be present for collateral estoppel to exist: (1) the issue decided in the prior trial must be precisely the same issue presented in the pending action; (2) a decision on that issue must have been necessary for the judgment in the prior trial; and (3) the party to be estopped from relitigating the issue must have been a party in the prior trial (or the party's interests must have been adequately represented by a party to the prior proceeding). Vestal, *Issue Preclusion and Criminal*

*Prosecutions*, 65 Iowa L.Rev. 281, 288 (1980). Furthermore, collateral estoppel applies only to ultimate facts, not to evidentiary facts. *State v. Stergion*, 248 N.W.2d 911, 913 (Iowa 1976).

 The essential elements of attempt to commit murder are: (1) intent to cause the death of another person, and (2) the commission of any act calculated to cause or result in the death of such person. *See* § 707.11, The Code Supp.1977. Neither of these elements is present in the offenses of going armed with intent or assault while participating in a felony. *See* §§ 708.3, .8, The Code Supp.1977. Thus, there is no issue of ultimate fact in the pending proceeding precisely identical to any of the issues decided in favor of defendant in the prior trial by virtue of his acquittal of the charge of attempt to commit murder.

Defendant nevertheless contends that once a defendant has been tried the doctrine of collateral estoppel/issue preclusion prevents the State from indicting the defendant on further charges arising from the same factual situation. Defendant, in effect, is reasserting his episodic immunity argument. We rejected a similar contention in *Burton* :

> [The] principle [of collateral estoppel] does not help the defendant. It bars the State from maintaining a second prosecution based on a single transaction if an essential issue in that prosecution was adjudicated adversely to the State in an earlier prosecution. *State v. O'Kelly*, 211 N.W.2d 589, 594 (Iowa 1973). It does not limit the State to a single charge from one episode, nor does it make separate charges from one episode a single charge for purposes of statutory speedy indictment and speedy trial guarantees.

231 N.W.2d at 578. We therefore hold that the principle of collateral estoppel does not preclude defendant's indictment on, and prosecution for, the offenses of going armed with intent and assault while participating in a felony.

We have carefully reviewed all of defendant's claims, and we find no error in the trial court's ruling.

AFFIRMED.