**STATE of Iowa, Appellant,**

v.

**Shane K. TROMPETER, Appellee.**

No. 95–1780.

Supreme Court of Iowa.

Oct. 23, 1996.

Thomas J. Miller, Attorney General, Sheryl A. Soich and Charles Thoman, Assistant Attorneys General, Lynn K. Fillenwarth, County Attorney, and Richard Meyer, Assistant County Attorney, for appellant.

John L. Sandy, Spirit Lake, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

The State waited nearly three years, waited deliberately for the defendant's eighteenth birthday, to file this felony case. The district court correctly dismissed it because the long delay violated defendant's due process rights.

In July 1993 defendant Shane Trompeter, who was then sixteen years old, was found to have committed a third-degree sexual assault. In September 1993 he was adjudicated delinquent and was eventually placed in a Sioux City facility for delinquent youth.

Trompeter was released from the facility on June 26, 1995, due to his upcoming eighteenth birthday and the consequent termination of juvenile court jurisdiction over him. The next day, Trompeter's eighteenth birthday, the State filed a trial information charging him with second-degree sexual abuse, alleged to have been committed on August 10, 1992. Second-degree sexual abuse is a class B felony. Iowa Code § 709.3 (1995). It calls for imprisonment of not to exceed twenty-five years. Iowa Code § 902.9(1).

Trompeter filed a motion to dismiss the charge alleging, among other things, the preaccusatorial delay violated his due process rights under the Fourteenth Amendment of the United States Constitution. At the motion hearing the assistant county attorney, Richard Meyer, conceded that the State was aware of the August 10, 1992, incident at the time of the September 1993 delinquency adjudication. He stated that, during the prehearing negotiations, he had proposed to Trompeter's attorney that, if Trompeter pled guilty to third-degree sexual assault, the State would not seek to prosecute the August 10, 1992, incident. This offer was rejected.

Meyer testified he did not file the charge relating to the August 10, 1992, incident at the 1993 delinquency hearing because "it was my understanding that [Trompeter] was going into various sexual offender, sexual deviation behavior treatment programs and I thought the matter was being taken care of." Meyer was satisfied at the time to have Trompeter "handled by the juvenile court authorities." He only decided later to charge Trompeter for the August 10, 1992, incident when he learned that Trompeter

"had a thought disorder that was not treated by medication, that was not controlled, and that he had not successfully absorbed anything or completed the sexual offender treatment program. My decision was also based on the fact that the information I

was receiving from professionals was that he was likely to re-offend on discharge from the system." Meyer stated "if Mr. Trompeter successfully completed his sexual offender program and I didn't have this information that he was likely to re-offend, I probably would not have filed the charge."

The district court granted Trompeter's motion to dismiss the criminal charge brought on June 27, 1995. The court found the State's actions in "[o]ffering to plea bargain the charge away, then holding it over the defendant's head for three years, then charging him on his eighteenth birthday" constituted "unjustifiable government conduct" or was based on an "illegitimate prosecutorial motive," and a violation of Trompeter's due process rights.

Our review on Trompeter's claim is de novo. *Rinehart v. State,* 234 N.W.2d 649, 658 (Iowa 1975). We categorically reject Trompeter's suggestion that a different scope of review—he suggests abuse of discretion—should apply when the State appeals an adverse ruling on a constitutional claim.

I. A claim of pre-accusatorial delay in violation of due process is distinct from a statute-of-limitations claim.[1] The applicable statute of limitations has not run here,[2] but Trompeter can nevertheless assert the claim that the preaccusatorial delay violated his right to due process. *See State v. Lange,* 531 N.W.2d 108, 111 (Iowa 1995); *State v. Hall,* 395 N.W.2d 640, 642 (Iowa 1986); *State v. Sunclades,* 305 N.W.2d 491, 494 (Iowa 1981). Our cases are in accord with federal authority. *United States v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752, 759 (1977); *Marion,* 404 U.S. at 324, 92 S.Ct. at 465, 30 L.Ed.2d at 480.

There is no constitutional right to be arrested and charged at the precise moment probable cause comes into existence. *See Hoffa v. United States,* 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374, 386 (1966).

But if the government delays filing charges to intentionally "gain [a] tactical advantage over the accused," the defendant's due process rights are implicated. *Marion,* 404 U.S. at 324, 92 S.Ct. at 465, 30 L.Ed.2d at 481.

To prove a pre-accusatorial delay violated due process, the defendant must show: (1) the delay was unreasonable; and (2) the defendant's defense was thereby prejudiced. *State v. Isaac,* 537 N.W.2d 786, 788 (Iowa 1995); *Lange,* 531 N.W.2d at 111; *State v. Wagner,* 410 N.W.2d 207, 210 (Iowa 1987); *Hall,* 395 N.W.2d at 642; *Sunclades,* 305 N.W.2d at 494. A defendant must prove *both* of these elements to prevail. *Wagner,* 410 N.W.2d at 210. Prejudice to the defendant must be *actual;* the defendant cannot rely on mere general claims of prejudice. *Lange,* 531 N.W.2d at 111; *Sunclades,* 305 N.W.2d at 494; *State v. Williams,* 264 N.W.2d 779, 783 (Iowa 1978); *State v. Burrell,* 255 N.W.2d 119, 121 (Iowa 1977). The length of the delay, and any valid reason for it, must be balanced against the resulting prejudice against the defendant. *Lange,* 531 N.W.2d at 111; *Williams,* 264 N.W.2d at 782–83.

II. The first element of the pre-accusatorial due process test requires a showing of unreasonable delay in filing charges. This involves a consideration of both the length of the delay and the State's *reason* for it. We think that as the delay becomes longer it requires correspondingly better reasons to justify it.

Many legitimate reasons might justify a delay in bringing criminal charges. One obvious example would be time required for further investigation into the crime. *See State v. Cuevas,* 282 N.W.2d 74, 77 (Iowa 1979). Other reasons listed by the United States Supreme Court in *Lovasco* included:

(i) The prosecutor's reasonable doubt that the accused is in fact guilty; (ii) the extent

---

1. This claim is also distinct from a Sixth Amendment speedy trial claim which only applies *after* the defendant in some way becomes an "accused" in some manner, such as by arrest or indictment. *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459–69, 30 L.Ed.2d 468, 474 (1971).

2. The filing of the charge against Trompeter was within the statute-of-limitations period. The statute of limitations will not expire for this charge until 2006, five years after the alleged victim reaches age 18. *See* Iowa Code § 802.2.

of the harm caused by the offense; (iii) the disproportion of the authorized punishment in relation to the particular offense or the offender; (iv) possible improper motives of a complainant; (v) reluctance of the victim to testify; (vi) cooperation of the accused in the apprehension or conviction of others; (vii) availability and likelihood of prosecution by another jurisdiction.

*Lovasco,* 431 U.S. at 794 n. 15, 97 S.Ct. at 2051 n. 15, 52 L.Ed.2d at 762 n. 15 (quoting *ABA Project on Standards for Criminal Justice, The Prosecution Function* § 3.9(b) (App. Draft 1971)).

One motive for delay rejected as unjustified by the United States Supreme Court in *Lovasco* was a prosecutor's "wish to hold a 'club' over the defendant." *Lovasco,* 431 U.S. at 797 n. 19, 97 S.Ct. at 2052 n. 19, 52 L.Ed.2d at 763 n. 19 (quoting Amsterdam, *Speedy Trial: Rights and Remedies,* 27 Stan. L.Rev. 525, 527–28 (1975)). Another illegitimate motive noted in *Lovasco* was to "postpone the beginning of defense investigation." *Id.*

█ No Iowa case has held the State used an illegitimate motive in delaying the prosecution and therefore created an unreasonable delay in violation of due process. We have however warned that, "[h]ad defendant established that the pre-indictment delay was occasioned solely to avoid the possibility of concurrent sentencing, we would not condone such a late prosecution." *Sunclades,* 305 N.W.2d at 495. Thus delay for the purpose of avoiding the possibility of concurrent sentences is delay for an illegitimate reason and would satisfy the first element of the two-part test for pre-accusatorial delay.

█ Many other courts have held that a delay to avoid the possibility of concurrent sentencing is not a legitimate reason for delay. *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Prince v. Alabama,* 507 F.2d 693 (5th Cir.), *cert. denied,* 423 U.S. 876, 96 S.Ct. 147, 46 L.Ed.2d 108 (1975); *United States v. Rucker,* 464 F.2d 823 (D.C.Cir.1972); *Dufield v. Perrin,* 470 F.Supp. 687 (D.N.H.1979); *State v. Johnson,* 275 N.C. 264, 167 S.E.2d 274 (1969); *State ex rel. Leonard v. Hey,* 269 S.E.2d 394 (W.Va.

1980). Because the prosecutor's plan imposed what was in effect consecutive sentences for Trompeter's two juvenile crimes, the prosecutor's excuse must be rejected as a legitimate reason for the delay.

The plan is also rejected as a legitimate reason for delay because it is out of plumb with our statutory scheme for juvenile justice. A juvenile court acquiring jurisdiction over a youth is ordinarily expected to undertake the juvenile's supervision with a view to all existing circumstances. Notwithstanding Trompeter's refusal to plead guilty to the present charge, the older of the two assault charges then pending, we assume the juvenile judge assessed its existence in choosing the Sioux City facility.

Primacy of juvenile court over adult criminal court in such matters is clearly spelled out by statute. Iowa Code § 232.8(1)(a) ("juvenile court ... has exclusive original jurisdiction in proceedings concerning an adult who is alleged to have committed a delinquent act prior to having become an adult, and who has been transferred to the jurisdiction of juvenile court pursuant to ..." statute); *see Stuart v. State ex rel. Jannings,* 253 N.W.2d 910, 913–14 (Iowa 1977) (age at time of offense—not time of bringing charge—establishes jurisdiction as between juvenile or adult court).

We conclude the delay here was unreasonable.

III. Without doubt Trompeter was prejudiced by the delay. Prejudice was indeed the stated reason for the delay. The delay was admittedly undertaken so that the full force of adult criminal court could later be brought to bear on a sixteen year old, who—but for the delay—would experience only juvenile court. It seems unnecessary to detail the myriad advantages a youth under juvenile court jurisdiction enjoys over a youth facing a charge in adult criminal court.

Trompeter clearly established both elements in his due process claim. The trial court was correct in so holding.

**AFFIRMED.**