Sheila **WESTEGARD**, Carl Smith, Carl Ritz, Fran Harris, and Ken Padget, on Behalf of Themselves and Others Similarly Situated, Appellants,

v.

**DAVIS COUNTY COMMUNITY SCHOOL DISTRICT,**
Appellee.

No. 96–1806.

Supreme Court of Iowa.

July 1, 1998.

Matthew Glasson and Nancy Combs of Glasson, Sole, McManus & Combs, P.C., Cedar Rapids, for appellants.

Peter L.J. Pashler and Randall H. Stefani of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

Iowa Code section 91A.3(1) requires that payment of wages be made within twelve days from the end of each pay period, absent a written agreement to the contrary. *See* Iowa Code § 91A.3(1) (1993). The appellants, classified employees of the defendant, Davis County Community School District, alleged the school district violated this statute by consistently issuing payroll checks more than twelve days following the end of the pay period. The school district contended the

union contract contained an agreement to vary the provisions of section 91A.3(1). The district court agreed with this interpretation of the union contract and granted summary judgment to the school district. The employees appeal. We reverse and remand.

## I. *Background Facts and Proceedings.*

At all relevant times, classified employees of the school district were paid on a monthly basis. The school district would establish a cutoff date, i.e., the last day of work that would be covered in the next paycheck, and issue payroll checks a few days later. The collective bargaining agreement for the 1994–1995 school year set the twentieth day of each month as the payroll date, but it did not specify a cutoff date:

> Payment for services rendered shall be monthly, with the 20th of each month being designated as the payroll date. Should the date fall on week-ends, or during vacation periods, the [School] Board has the right to establish alternate dates to be designated annually.

In August 1994, the school district changed its accounting practices so as to increase the number of days between the cutoff date and the payroll date. The payroll date remained the same—the twentieth day of the month; only the cutoff date changed. As a result of this change, paychecks were issued more than twelve days following the cutoff date.[1]

The employees complained, alleging this practice violated Iowa Code section 91A.3(1):

> An employer shall pay all wages due its employees ... at least in monthly, semi-monthly, or biweekly installments on regular paydays which are at consistent intervals from each other and which are designated in advance by the employer.... A regular payday shall not be more than twelve days, excluding Sundays and legal holidays, after the end of the period in which the wages were earned. An employer and employee may, upon written agreement which shall be maintained as a record, vary the provisions of this subsection.

Iowa Code § 91A.3(1). The school district contended that the contract provision quoted earlier in our opinion constituted a written agreement to vary the provisions of section 91A.3(1), and therefore, its payment practices did not violate the statute.

As this disagreement developed, the union and the school district began negotiations on a contract for the 1995–1996 school year. The union proposed a contract provision that would establish payroll dates on a semi-monthly, rather than monthly basis. In addition, the union proposal established specific cutoff dates, as well as payroll dates. Under the union's proposed schedule, no payroll date was more than twelve days after the cutoff date. The school district's final offer on this subject was brief: "Paycheck—Monthly—Status Quo—No change in language."

The negotiations reached an impasse and an arbitrator was appointed. *See* Iowa Code § 20.22. The arbitrator issued his award, selecting the final offer of the school district. The union filed a petition for judicial review, which was ultimately dismissed when the parties reached a settlement. The settlement agreement affirmed the arbitrator's award, with certain qualifications not pertinent here.

Shortly after this settlement was finalized, the plaintiffs filed this lawsuit on their own behalf and on behalf of all similarly situated employees of the school district. They alleged the school district had intentionally failed to pay classified employees within the twelve-day period dictated by section 91A.3(1). The plaintiffs sought a declaration that the school district had violated chapter 91A and asked for actual and liquidated damages, attorney fees, and costs. The school district answered, raising the collective bargaining agreement as a defense. Upon the parties' cross-motions for summary judgment, the district court ruled that the union contract contained an agreement to vary the terms of section 91A.3(1) and consequently, the school district did not violate chapter 91A by issuing paychecks more than twelve days after the end of the payroll period.

---

1. The twelve-day period to which we refer throughout this opinion is calculated by excluding Sundays and legal holidays, as required by Iowa Code § 91A.3(1).

On appeal, the plaintiffs claim summary judgment should have been granted in their favor because (1) the union contract did not contain language permitting the school district to issue paychecks more than twelve days after the cutoff date, and (2) even if the contract could be so interpreted, section 91A.3(1) requires an agreement between the school district and each individual employee. The school district responds that the district court correctly interpreted the collective bargaining agreement. Alternatively, the school district relies on the doctrine of res judicata, arguing the arbitrator's decision on the contract wage provision precludes the plaintiffs from seeking any relief under chapter 91A. Finally, the school district argues that even if we conclude its payment practices violated section 91A.3(1), the plaintiffs are not entitled to liquidated damages.

## II. *Scope of Review.*

A summary judgment is reviewed on error. *See* Iowa R. Civ. P. 237(c). This court will uphold the district court's grant of summary judgment if the moving party shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See C–Thru Container Corp. v. Midland Mfg.*, 533 N.W.2d 542, 544 (Iowa 1995). We view the record in a light most favorable to the nonmoving party. *See id.*

## III. *Res Judicata.*

■ We first consider the school district's contention that the arbitrator's award precludes the plaintiffs from contesting the legality of the district's payroll schedule. The school district contends its "wage payment practices have been litigated through the collective bargaining process." It claims arbitration would be meaningless if a union were allowed "to contest an employer practice at binding arbitration, lose, seek judicial review . . ., settle the suit, and then proceed to have its members . . . bring suit in district court challenging the identical practices." It concludes the plaintiffs are barred "from relitigating these issues."

■ The flaw in this argument, assuming the other prerequisites for issue preclusion exist, is that the issue presented in this wage collection suit is not identical to the issue decided in the contract arbitration. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (holding one prerequisite for application of issue preclusion is that "the issue concluded must be identical"). As we have recently held, " 'the issue decided in the prior trial [must be] precisely the same issue presented in the pending action.' " *State v. Seager*, 571 N.W.2d 204, 208 (Iowa 1997) (quoting *State v. Sunclades*, 305 N.W.2d 491, 495 (Iowa 1981)).

To determine the precise issue decided in the arbitration proceeding, it is important to understand the nature of impasse arbitration as set out in Iowa Code chapter 20. When parties negotiating a collective bargaining agreement reach an impasse, they may submit any impasse item to an arbitrator. *See* Iowa Code § 20.22(1), (2). Each party is required to submit a final offer on each item. *See id.* § 20.22(2). The arbitrator is charged with the obligation to "select . . . the most reasonable offer, in its judgment, of the final offers on each impasse item submitted by the parties." *See id.* § 20.22(11). The selection made by the arbitrator becomes the parties' collective bargaining agreement. *See id.* § 20.22(12).

With this statutory framework in mind, we now examine the decision rendered in the arbitration between the school district and union concerning the 1995–1996 contract. As noted earlier, the union submitted a proposal that would have changed the payment period to semimonthly and would have established cutoff dates as well as payroll dates. The school district's final offer was to stay with the current contract provision, which established payroll dates but was silent as to cutoff dates. The arbitrator was required to determine which offer was most reasonable. Thus, the precise issue in the arbitration proceeding was whether the school district's proposed contract provision was more reasonable than the union's proposal.

This issue is not identical to the question presented here: do the school district's payment practices violate section 91A.3(1)? In fact, the arbitrator did not even discuss section 91A.3(1) in his decision. We conclude,

therefore, that the arbitrator's award does not preclude the plaintiffs from challenging the legality of the school district's payroll procedures.

IV. *Does the Union Contract Contain an Agreement to Vary the Provisions of Section 91A.3(1)?*

Section 91A.3(1) imposes at least two obligations on the school district: (1) to pay all wages due in at least monthly installments on regular paydays which are at consistent intervals from each other; and (2) to set paydays no more than twelve days after the end of the pay period. The school district claims the following provision in the union contract is an agreement to vary the terms of section 91A.3(1):

> Payment for services rendered shall be monthly, with the 20th of each month being designated as the payroll date. Should the date fall on week-ends, or during vacation periods, the [School] Board has the right to establish alternate dates to be designated annually.

We think this contract provision addresses only the first obligation imposed on the school district by section 91A.3(1); it establishes a regular monthly payday at consistent intervals but allows the school district to vary from the statutory "consistent-intervals" requirement when the payday falls on a weekend or during a vacation period. This contract provision is clearly a written agreement to vary the requirements of section 91A.3(1) *as they relate to the requirement of regular monthly paydays at consistent intervals from each other.* It is a stretch of the imagination, however, to interpret this provision as dealing with the second obligation imposed by section 91A.3(1)—to issue paychecks no more than twelve days from the end of the payroll period. This aspect of section 91A.3(1) is not mentioned in the contract.

The school district points out the arbitrator noted in his award that, under the current union contract, cutoff dates are left to the "unilateral selection" of the school district. While that may be true insofar as the contract does not establish any cutoff dates, the school district's argument ignores the fact that the school district's discretion to set cutoff dates is limited by the parameters established by section 91A.3(1), absent a written agreement to the contrary. As noted above, there is no agreement in the union contract to alter the twelve-day period within which paychecks must be issued.

Because the union contract is totally silent on cutoff dates and whether they must be within twelve days of the established paydays, the contract does not constitute a written agreement to vary the twelve-day provision of section 91A.3(1). The district court erred in so ruling. Our holding makes it unnecessary to consider the plaintiffs' contention that the union could not waive the rights of individual employees under section 91A.3(1).

V. *Disposition.*

Because no agreement existed to vary the twelve-day provision of section 91A.3(1) and because the undisputed facts establish that the school district issued paychecks more than twelve days following the end of the pay period, the plaintiffs were entitled to a summary judgment that the school district violated section 91A.3(1). We reverse the district court's contrary ruling. We do not decide whether the plaintiffs are entitled to liquidated damages, as requested by the school district, because there is no district court ruling on that issue to review. The case is remanded to the district court (1) for entry of partial summary judgment in the plaintiffs' favor on the liability issue, and (2) for a determination of the monetary relief to which the plaintiffs are entitled under Iowa Code section 91A.8.

**REVERSED AND REMANDED.**