# IN THE COURT OF APPEALS OF IOWA

No. 16-0393
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERVIN LEE WILSON JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Ervin Wilson Jr. appeals following his conviction for absence from custody, in violation of Iowa Code section 719.4(3) (2015). **AFFIRMED.**

Jeffrey L. Powell of the Law Office of Jeffrey L. Powell, P.L.C., Washington, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Ervin Wilson Jr. appeals following the trial court's finding Wilson was guilty of being knowingly and voluntarily absent from a place where he was required to be, in violation of Iowa Code section 719.4(3) (2015). He argues the State failed to indict him within forty-five days of his arrest and, therefore, the trial court erred in denying his motion to dismiss.

On September 2, 2015, Wilson was sentenced to reside in a residential facility as a condition of his probation in another case—Black Hawk County case number AGCR206863. He was placed on escape status on September 4, 2015, when he failed to return on time. A report of probation violation was filed on September 8 in AGCR206863, and an arrest warrant issued on the alleged probation violation that same date.

On September 16, Wilson was arrested on a new theft charge in Bremer County. On September 17, he was transferred to Black Hawk County.

On September 22, Wilson was arrested on the outstanding warrant for probation violation. His probation was revoked on October 27, and the underlying prison sentence imposed.

Wilson was still in custody on November 20, 2015, when the trial information for the instant charge was filed. An order for an arrest warrant in this case was issued on November 20. The return of service on the warrant states it was executed on November 23.

Wilson moved to dismiss the absence-from-custody trial information on the ground it was not filed within forty-five days of his arrest and was untimely

under Iowa Rule of Criminal Procedure 2.33(2)(a). The district court denied the motion and, following a trial on the minutes, found Wilson guilty.

Our review of the court's application of procedural rules governing indictment, Iowa Rule of Criminal Procedure 2.33(2)(a), is for correction of errors at law. *State v. Wing*, 791 N.W.2d 243, 246 (Iowa 2010). "We are bound by the findings of fact of the district court if they are supported by substantial evidence." *Id.*

Wilson contends he was arrested on the absence-from-custody charge on September 22. The record indicates, however, that he was arrested on the warrant issued for the reported probation violation in case number AGCR206863. There is no constitutional right to be arrested at the moment probable cause arises, *State v. Trompeter*, 555 N.W.2d 468, 470 (Iowa 1996), and no reasonable person would have believed the arrest was for anything other than the alleged violation of probation. *See Wing*, 791 N.W.2d at 249. Wilson's claim that the trial information in this case, filed on November 20, 2015, was untimely under Iowa Rule of Criminal Procedure 2.33(2)(a) is without merit. The district court did not err in denying his motion to dismiss. We affirm.

**AFFIRMED.**