**STATE of Iowa, Plaintiff–Appellee,**

v.

**Tracy EDWARDS, Defendant–Appellant.**

**No. 96–1269.**

Court of Appeals of Iowa.

Sept. 24, 1997.

Kathy Goudy, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Denver D. Dillard, County Attorney, and Russell G. Keast, Assistant County Attorney, for appellee.

Considered by CADY, P.J., and HUITINK, J., and SCHLEGEL, * Senior Judge.

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

CADY, Presiding Judge.

Tracy Edwards appeals his conviction and sentence for delivery of a controlled substance. He claims the twenty-one month delay between the commission of the offense and the indictment violated his speedy indictment and due process rights. We affirm Edwards' conviction.

Cedar Rapids police officer Sheila Kolder was assigned to a drug enforcement unit as an undercover agent for approximately two years beginning in December 1995. On January 27, 1994, she made contact with Edwards and purchased a rock of cocaine from him on a street. Officer Kolder, however, did not know Edwards' identity. Between January 27 and February 4, 1994, Kolder tried to determine Edwards' identity by looking at mug shots and computer files. On February 4, 1994, she finally identified Edwards from a videotape police had made of the area where Kolder had purchased the drugs. Officer Daniel Willard also viewed the videotape with officer Kolder. Willard was familiar with Edwards but, like Kolder, did not know his name.

Later on February 4, officer Willard arrested Edwards for jaywalking, assault, and interference with official acts. Prior to Edwards' arrest, officer Willard warned him not to hold up traffic and to use the crosswalk. When officer Willard observed Edwards blocking traffic after the warning he intended to give him a citation for the traffic violation and ascertain his identity pursuant to the Bureau of Narcotics' request. Based on past experience, he decided to call for backup before giving Edwards the citation. After calling backup, officer Willard confronted Edwards and told him he would be issued a citation. Edwards then began fighting and ran. This resulted in Edwards' arrest for jaywalking, assault, and interference.

After Edwards' booking, officer Kolder established his identity as the person from whom she bought crack cocaine on January 27, 1994. In September 1994, the drugs purchased from Edwards by officer Kolder

were sent to the State crime laboratory for further testing. They tested positive for cocaine. Thirteen months later, on October 30, 1995, a complaint was filed and an arrest warrant issued for delivery of a controlled substance relating to the drug buy on January 27, 1994. The police executed the warrant on November 13, 1995. The State filed the trial information on November 15, 1995. Edwards was subsequently found guilty following a bench trial. He received a suspended ten year sentence. Edwards argues on appeal his speedy indictment and due process rights were violated by the excessive preindictment delay.

## I. Speedy Indictment

Edwards claims the indictment should have been dismissed under the statutory speedy indictment rule because it was connected with his February 4, 1994 arrest for jaywalking. He asserts the arrest for jaywalking was a pretext for determining his identity for prosecution of the drug transaction. Thus, Edwards maintains the speedy indictment time period began to run for the drug offense on February 4, 1994. Our review is for errors at law. *State v. Davis,* 525 N.W.2d 837, 838 (Iowa 1994).

Our speedy indictment rule is activated "when an adult is *arrested for the commission of a public offense* ... and an indictment is not found against [the person] within forty-five days" (emphasis added) Iowa R.Crim. Proc. 27(2). When these two events occur, "the court must order the prosecution to be dismissed" absent good cause for the delay or waiver by the defendant. *Id.*

We think the clear meaning of this language restricts the speedy indictment mandate to the offense or offenses for which the defendant was arrested, and does not extend to a different offense not charged in the complaint related to the arrest.[1] The rule is limited by its language to the "commission of a public offense" for which a defendant has been "arrested." There is nothing to suggest it extends to the commission

---

1. Under our statutory scheme governing the commencement of criminal proceedings, the complaint presented to the magistrate before or after the arrest identifies the offense or offenses for which the defendant will be or has been arrested. *See generally* Iowa Code chapter 804.

of an offense which has not resulted in an arrest. *See State v. Beeks,* 428 N.W.2d 307, 309 (Iowa App.1988) (speedy indictment rule commenced upon the arrest for the offense charged in the existent proceedings.) The broad construction suggested by Edwards is beyond the plain language of the rule. *See Saadiq v. State,* 387 N.W.2d 315, 319 (Iowa 1986) (when meaning of statute is clear, appellate court may not search for a meaning beyond the clear language).

We additionally observe a restrictive view of rule 27(2) produces a rather straight forward, sensible legal test for courts to apply when confronted with claims such as those asserted by Edwards. *See United States v. Pollock,* 726 F.2d 1456, 1462–63 (9th Cir. 1984). The broad construction urged by Edwards would require courts to engage in the arduous task of determining what the prosecutor knew at various stages of the prosecution. *Id.* Moreover, it would intrude on governmental functions traditionally reserved to prosecutors under the executive branch of government.[2] Finally, our restrictive approach is bolstered by a long line of prior cases involving the multiple arrest of one person. *See State v. Lyrek,* 385 N.W.2d 248, 250 (Iowa 1986) (speedy indictment time period began running on the date the defendant, arrested in another state, waived extradition and was taken into custody by Iowa peace officer); *State v. Sunclades,* 305 N.W.2d 491, 495 (Iowa 1981) (forty-five day speedy indictment period commenced upon defendant's arrest for attempted murder and applied only to that charge and lesser included offenses and did not apply to separate charge of going armed with intent and assault while participating in a felony); *State v. Mason,* 203 N.W.2d 292, 294 (Iowa 1972) (no violation of thirty day speedy indictment rule occurred with respect to charge of false uttering of a check where, although defendant was incarcerated on January 3 and not in-

dicted until March 20, incarceration on January 3 was on a charge unrelated to the March 20 charge); *State v. Waters,* 515 N.W.2d 562, 566 (Iowa App.1994) (person not in custody of county authorities is not arrested for purposes of speedy indictment rule by mere bringing of charge in that county; person must be in the custody of county authorities of county issuing arrest warrant for person to be under "arrest" in that county for purposes of speedy indictment rule); *Beeks,* 428 N.W.2d at 309 (defendant detained in first county's jail on second county's charges was "arrested" for speedy indictment purposes on third county's charges when he submitted to custody of third county's sheriff).

▪ Edwards was not arrested for the drug delivery offense on February 4, 1994. Although police may have had probable cause to arrest Edwards at the time, he was only arrested for jaywalking and the related offense involving the flight and resistance. It is unimportant under the speedy indictment rule that police hoped to learn Edwards' identity for their drug offense investigation by arresting him for a minor offense. An arrest for one offense based upon probable cause but accompanied by other motives does not convert the arrest into a different offense for the purposes of applying the speedy indictment rule. *See State v. Garcia,* 461 N.W.2d 460, 463–64 (Iowa 1990) (ulterior motive by officer in stopping vehicle does not invalidate an otherwise proper search incident to arrest); *see also United States v. Clay,* 925 F.2d 299, 301–02 (9th Cir.1991) (Federal Speedy Trial Act does not apply to offense in the indictment which is different from offense in the complaint).

We conclude the speedy indictment rule was not activated for the drug offense until the second arrest occurred on November 13, 1995. The district court properly denied the

---

**2.** The decision to prosecute and decide which charges to file generally rests entirely within the discretion of the prosecutor elected by the public process. *Iowa v. Iowa District Court for Johnson County,* 568 N.W.2d 505 (Iowa 1997). This principle is based upon the long tradition of prosecutorial independence stemming from the separation of powers doctrine. *See United States v. Miller,* 722 F.2d 562, 565 (9th Cir.1983). There-

fore, the time in which charges must be brought and arrests made are outside the parameters of Rule 27(2). *See Pollock,* 726 F.2d at 1463 n. 11. A defendant's interests in avoiding preindictment delay are generally protected by the statute of limitations and the due process clause. *See United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752, 758 (1977); *see also* Iowa R.Crim. Proc. 27(1).

motion to dismiss based on a violation of the speedy indictment rule.

## II. Due Process

■ Edwards claims his rights under both the State and Federal constitutions were violated by the preindictment delay.[3] *See* U.S. Const. amend. V; Iowa Const. art. 1, § 10. We review constitutional due process claims de novo. *State v. Lange*, 531 N.W.2d 108, 111 (Iowa 1995).

■ There is no constitutional right to be arrested and charged at the moment probable cause arises. *State v. Trompeter*, 555 N.W.2d 468, 470 (Iowa 1996); *see Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374, 386 (1966). However, if the government delays filing charges to intentionally "gain [a] tactical advantage over the accused," the defendant's due process rights under the Fifth Amendment are implicated. *Id.; see United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 481 (1971). These rights are violated if the actual prejudice to the defendant in view of the length and reasons for the delay offends the "fundamental conceptions of justice which lie at the base of our civil and political institutions." *See United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935)). Our view of due process claims involving preaccusatorial delay parallels federal authority. *Trompeter*, 555 N.W.2d at 470.

■ To prove preaccusatorial delay violated due process, the defendant must show: (1) unreasonable delay; and (2) prejudice to defendant's defense resulted. *Id.; State v. Isaac*, 537 N.W.2d 786, 788 (Iowa 1995); *State v. Wagner* 410 N.W.2d 207, 210 (Iowa 1987). The defendant must prove *both* elements to prevail. *Trompeter*, 555 N.W.2d at

470; *Wagner*, 410 N.W.2d at 210. Yet, under this standard, a showing of actual prejudice must first be established. *United States v. Miller*, 20 F.3d 926, 931 (8th Cir.1994). If it is, the inquiry turns to the reasons for the delay, which are then balanced against the demonstrated prejudice. *Id.; see United States v. Sowa*, 34 F.3d 447, 451 (7th Cir. 1994) (once a defendant has proven prejudice the government must come forward to explain the reasons for the delay). If prejudice is not established, our inquiry ends. *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir.1995).

The prejudice to the defendant must be actual. *Trompeter*, 555 N.W.2d at 470. General claims of prejudice are insufficient. *Id.* Mere speculation is similarily inadequate. *See United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir.1989). The standard is stringent.

In this case, Edwards argues the delay prejudiced him in three ways. First, the police discarded potential exculpatory evidence relating to the process used by police to identify him. Second, the confidential informant used by police had disappeared. Finally, the undercover agent had little recollection at trial of the events outside a written report prepared the day after the drug transaction occurred.

■ Generalized assertions of loss of memory, loss of witnesses, or loss of evidence are insufficient to establish actual prejudice. *Manning*, 56 F.3d at 1194. These types of claims generally fall within the ambit of protection provided by the statute of limitations. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir.1992). To establish actual prejudice, a defendant must show loss of evidence or testimony has meaningfully impaired his ability to present a defense. *Id.*

---

**3.** A preaccusatorial due process delay claim is distinct from a statute of limitations claim. *State v. Trompeter*, 555 N.W.2d 468, 470 (Iowa 1996). The statute of limitations for delivery of a controlled substance is three years. Iowa Code § 802.3 (1997). Although two thirds of the statute of limitations lapsed on this charge, the State nevertheless charged the defendant within the requisite time. Additionally, this claim is distinct from a Sixth Amendment speedy trial claim which only applies *after* the defendant becomes "accused" in some manner such as by arrest or indictment. *Id.; United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459–69, 30 L.Ed.2d 468, 474 (1971); *State v. Olson*, 528 N.W.2d 651, 654 (Iowa App.1995) (no good cause existed for delay between filing of trial indictment and arrest when reason for delay dealt solely with failure of state to timely execute arrest warrant).

Edwards has failed to satisfy his heavy burden in this case. He has not specified what the photographs and mug shots used in an effort to determine his identity would have shown, or how the absent informant would have assisted in his defense. *See Manning*, 56 F.3d at 1194 (defendant failed to specify what lost evidence would have shown or what deceased witness would have said). Furthermore, Edwards has failed to show how the undercover agent would have testified had her memory not been diminished. *See Sherlock*, 962 F.2d at 1354 (record fails to show how victim would have testified if memory had not dimmed).

We have reviewed all the claims of prejudice made by Edwards and find them to be pure conjecture. Edwards has failed to show the lost evidence and diminished memory meaningfully impaired his defense. Our inquiry, therefore, ends and it is unnecessary for us to further examine the reasons for the delay. The district court properly denied the motion to dismiss based on a violation of due process.[4]

**AFFIRMED.**

---

4. The district court found the delay was justified in order to protect the identity of the undercover officer until completion of her undercover role. We do not find support for this finding in the record. The State offered no explanation for the delay and the undercover agent merely testified she worked undercover for approximately two years beginning in December 1993. On the other hand, nothing in the record suggested the State delayed filing charges to intentionally gain a factual advantage over Edwards. *See Trompeter*, 555 N.W.2d at 470. Notwithstanding, we need not reach the issue. The State is not required to explain the reasons for the delay until actual prejudice has been shown. *See United States v. Sowa*, 34 F.3d at 451. Nevertheless, this would normally be standard practice in responding to motions to dismiss for preindictment delay. *Id.*