# IN THE COURT OF APPEALS OF IOWA

No. 18-1826
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TIMOTHY FRED LEACHMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Defendant appeals his conviction of first-degree burglary. **CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Frank A. Troncoso, Law Student, for appellee.

Considered by Vaitheswaran, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Timothy Leachman appeals his conviction for first-degree burglary. The charge of first-degree burglary did not violate the speedy indictment rule. Leachman did not show he received ineffective assistance based on defense counsel's failure to raise a due process claim. There is substantial evidence in the record to support Leachman's conviction and his conviction is not contrary to the weight of the evidence. We affirm Leachman's conviction. We vacate the portion of the sentencing order relating to restitution and remand for a redetermination of restitution.

## I.    Background Facts & Proceedings

Leachman and Chaquanna White were previously in a romantic relationship and are the parents of two children. In early April 2017, Leachman struck White, causing her to need stitches on her face. White ended her relationship with Leachman and asked him to return the keys to her apartment.[1] White and her children lived in the apartment with Dorothy Chapman and Chapman's children.

On the evening of April 25 and into the early morning hours of April 26, White, Chapman, White's brother, and Chapman's oldest daughter's boyfriend were in the apartment drinking alcohol and smoking marijuana. As Armond was leaving, he became ill and vomited near the door to the apartment building. The door to the apartment was left open, while White and Chapman propped open the security door to the building to enable them to clean up the vomit.

---

[1] White asked the Des Moines Police Department to issue a no-trespassing order to keep Leachman away from her apartment but the record does not show Leachman received notice of the no-trespassing order.

Without saying anything, Leachman walked in the open security door, past White and Chapman, and into the apartment. He struck the daughter's boyfriend, who then ran out the door. White and Chapman went into the apartment, asking Leachman what he was doing there. The daughter's boyfriend returned and struck Leachman in the head with a hatchet. White stated Leachman became very angry and he began to beat her. White could not remember the events after Leachman first struck her.

Chapman called White's mother, Anjanetta Head, and asked her to call the police. In the background, Head could hear Chapman saying, "get off of her," and "get out," as well as White saying, "stop." Head called the police and drove over to the apartment. At about the same time, Head's brother, Malcolm Carr, went to the apartment. He testified he heard Chapman screaming, asking Leachman to get out.

When police officers arrived, Leachman answered the door to the apartment while holding the hatchet. He was removed from the scene. Officers found White, who was barely conscious. She had a fractured jaw and bruises.

On June 1, 2017, Leachman was charged with kidnapping in the second degree and other charges in the case number FECR305230. A jury trial was commenced in November 2017 but a mistrial was declared.

On February 13, 2018, the State filed a motion to amend the trial information by removing the charge of second-degree kidnapping and instead charging Leachman with first-degree burglary. The State asserted that after taking a deposition on the first day of the trial that ended by a mistrial for unrelated reasons, it realized the evidence more closely matched a charge of burglary rather than

kidnapping. Leachman resisted the motion, asserting burglary was a wholly different charge. The motion was denied by the district court.[2]

On May 25, 2018, the State filed a new trial information (case number FECR316947) based on the incident on April 26, 2017, charging Leachman with first-degree burglary, in violation of Iowa Code sections 713.1 and 713.3 (2017). Leachman filed a motion to dismiss, claiming the State had violated the speedy indictment rule found in Iowa Rule of Criminal Procedure 2.33(2)(a). The court denied the motion to dismiss, noting Leachman had previously claimed burglary was a wholly different charge but was now claiming it was the same offense for purposes of the speedy indictment rule.

The case proceeded to trial and, on August 21, 2018, a jury found Leachman guilty of first-degree burglary. The district court denied Leachman's motion for judgment of acquittal and motion for new trial. Leachman was sentenced to twenty-five years in prison. He now appeals.

## II.     Speedy Indictment

Rule 2.33(2)(a) provides:

> When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within [forty-five] days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

**A.**     Leachman contends the trial information filed on May 25, 2018, violated the rule for speedy indictments. We review speedy indictment issues for the correction of errors of law. *State v. Williams*, 895 N.W.2d 856, 863 (Iowa 2017).

---

[2] On May 19, Leachman pled guilty to false imprisonment, domestic abuse assault causing injury, and first-degree harassment in FECR305230.

The forty-five day period in rule 2.33(2)(a) "applies only to the 'public offense' for which the defendant was arrested, rather than to all offenses arising from the same incident or episode." *State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981), *overruled on other grounds by Williams*, 895 N.W.2d at 860. It is limited to the offense for which the defendant was arrested and all lesser-included offenses of that offense. *Id.* For purposes of the speedy indictment rule, an "arrest is completed by taking the person before a magistrate for an initial appearance." *Williams*, 895 N.W.2d at 867.

The speedy indictment rule does not extend to "any new charges brought more than forty-five days after an arrest for a different offense, even though the new charges arose from the same incident." *Id.* at 863; *accord State v. Bartlett*, No. 17-1170, 2018 WL 3301830, at *3 (Iowa Ct. App. July 5, 2018). The prosecutor may "bring a separate indictment charging a different criminal offense any time within the statute-of-limitations period." *State v. Penn-Kennedy*, 862 N.W.2d 384, 389 (Iowa 2015), *overruled on other grounds by Williams*, 895 N.W.2d at 863. The speedy indictment rule "does not impinge on the power of the prosecutor to select the crime to be prosecuted." *Id.* at 390.

The charge of first-degree burglary was a different offense, although it arose from the same incident as other charges brought against Leachman.[3] Leachman argued as much in his resistance to the State's motion to amend the trial

---

[3] Leachman asks for a new rule concerning additional charges arising from the same incident under the speedy indictment rule. The supreme court has set forth the applicable rules for considering speedy indictment issues and we do not have authority to change those rules. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

information in FECR305230, when he stated, "Burglary is a wholly new or different offense within the meaning of Iowa Rule of Criminal Procedure 2.4(8), and the State should not be allowed to amend the trial information to add this charge." The charge of burglary contains the elements of entering, breaking into, or remaining in an occupied structure, *see* Iowa Code § 713.1, which are not present in the offenses for which Leachman was originally charged. Furthermore, Leachman was not taken before a magistrate for an initial appearance on a charge of burglary, and thus, the forty-five day period was not triggered. *See Williams*, 895 N.W.2d at 867.

We affirm the district court's decision denying Leachman's motion to dismiss on speedy indictment grounds.

**B.** Leachman also claims there was an intentional pre-indictment delay and this implicated his right to due process. The due process issue was not raised in Leachman's motion to dismiss. Nor was it raised in his motion for new trial. This issue has not been preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

In the alternative, Leachman asserts he received ineffective assistance because defense counsel did not raise this issue before the district court. "We review claims of ineffective assistance of counsel do novo." *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018). "Ineffective-assistance claims 'require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice.'" *Id.* at 141 (citation omitted).

A defendant's due process rights are implicated "if the government delays filing charges to intentionally 'gain [a] tactical advantage over the accused.'" *State*

*v. Trompeter*, 555 N.W.2d 468, 470 (Iowa 1996) (alteration in original) (citation omitted). "To prove a pre-accusatorial delay violated due process, the defendant must show: (1) the delay was unreasonable; and (2) the defendant's defense was thereby prejudiced." *Id.* A defendant has the "heavy burden" of establishing both elements by a preponderance of the evidence. *State v. Brown*, 656 N.W.2d 355, 363 (Iowa 2003).

The court may first look whether actual prejudice has been established, and "[i]f prejudice is not established, our inquiry ends." *State v. Edwards*, 571 N.W.2d 497, 501 (Iowa Ct. App. 1997). "To establish actual prejudice, a defendant must show loss of evidence or testimony has meaningfully impaired his ability to present a defense." *Brown*, 656 N.W.2d at 363 (quoting *Edwards*, 571 N.W.2d at 501). "Generalized claims of prejudice, such as 'loss of memory, loss of witnesses, or loss of evidence' do not constitute actual prejudice." *Id.* (quoting *Edwards*, 571 N.W.2d at 501).

Leachman has not even raised a claim of actual prejudice arising from the filing of the trial information on May 25, 2018, charging him with first-degree burglary. Because he has not established actual prejudice, our inquiry ends. *See Edwards*, 571 N.W.2d at 501. We conclude Leachman has not shown he received ineffective assistance of counsel.

### III. Evidentiary Support

**A.** Leachman claims there is not sufficient evidence in the record that he did not have authority to enter the apartment or that he remained there after his right, license, or privilege had expired to support his conviction for first-degree burglary.

On sufficiency-of-the-evidence claims, our review is for the correction of errors of law. *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020). "The district court's findings of guilt are binding on appeal if supported by substantial evidence. Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citations omitted).

"Iowa's burglary statute has two essential elements: (1) the defendant's unlawful presence in or breaking of an occupied structure; and (2) the defendant's intent to commit a felony, assault, or theft in the structure." *State v. Walker*, 600 N.W.2d 606, 608 (Iowa 1999) (citing Iowa Code § 713.1). "A defendant's presence is unlawful under the statute if (1) the defendant enters without any 'right, license or privilege to do so,' or (2) the defendant remains in the structure after the defendant's 'right, license or privilege to be there has expired.'" *Id.* (quoting Iowa Code § 713.1)

Head testified that while she was on the phone with Chapman she heard Chapman yelling "get off of her," and "get out." Carr testified that while he was outside the apartment he heard Chapman screaming, "asking Timothy to leave, get out, and stuff like that." We determine there is substantial evidence in the record to show Leachman was asked to leave the apartment and that he remained there after his "right, license or privilege to be there ha[d] expired." *See* Iowa Code § 713.1. Furthermore, "the victim need not expressly revoke his or her consent to the defendant's presence; it is sufficient that the victim's actions give the defendant reason to know that such consent has been withdrawn."[4] *Walker*, 600 N.W.2d at

---

[4] Leachman asks for a reexamination of this holding in *Walker*, 600 N.W.2d at 608. As noted above, the Iowa Court of Appeals is "not at liberty to overrule

609. Head testified she heard White screaming, "stop." Even if Leachman initially had consent to enter the apartment, his actions and White's response were sufficient to show White revoked her consent. Moreover, White had previously asked Leachman to return her keys to the apartment and a reasonable person would expect they no longer had authority to just walk into the apartment.

We conclude there is sufficient evidence to support Leachman's conviction for first-degree burglary.

**B.** Leachman also claims the district court should have granted his motion for new trial because his conviction was contrary to the weight of the evidence. A court has broad discretion when ruling on a motion for new trial and we will reverse only when there has been an abuse of that discretion. *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). A new trial may be granted when a conviction is contrary to the weight of the evidence. *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). Our review is "limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *Reeves*, 670 N.W.2d at 203.

We conclude the district court did not abuse its discretion in denying the motion for new trial.

**IV.     Restitution**

Leachman asserts the district court improperly ordered him to pay court costs although the amount of those costs was not known at the time of the sentencing hearing. The written sentencing order stated, "Court costs are taxed

---

controlling supreme court precedent." *Beck*, 854 N.W.2d at 64. Therefore, we do not consider this issue.

to Defendant." No amount for court costs was given in the order. "Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay." *State v. Albright*, 925 N.W.2d 144, 160–61 (Iowa 2019). "Restitution orders entered by the court prior to the final order are not appealable as final orders or enforceable against the offender." *Id.* at 161.

We recently stated:

> Because the court's determination of Kuuttila's ability to pay court-appointed attorney fees was premature, we were poised to vacate the restitution portion of the sentencing order and remand to the district court to enter a restitution order consistent with *Albright*. *See* 925 N.W.2d at 162–63. On June 25, 2020, our governor approved legislative amendments to Iowa Code chapter 910 (2020), which went into effect immediately. *See* 2020 Iowa Acts ch. 1074, § 64. On July 7, 2020, our supreme court entered a supervisory order establishing rules and procedures to implement the Division XIII. *See generally* Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* (July 7, 2020). We have not had the benefit of briefing and argument by the parties concerning the impact of the new legislation and supervisory order on the restitution issues Kuuttila raises. We think it best to vacate the restitution order and remand the matter to the trial court to consider Kuuttila's claims of error in the restitution award in light of *Albright*, the new legislation, and the supreme court's July 7 order.

*State v. Kuuttila*, No. 19-0283, 2020 WL 4814076, at *2 (Iowa Ct. App. Aug. 19, 2020).

We determine the disposition in *Kuuttila* should be followed in this case. We vacate the restitution portion of the sentencing order and remand to the district court to consider Leachman's claims "in light of *Albright*, the new legislation, and the supreme court's July 7 order." *See id.*

**V.  Conclusion**

We affirm Leachman's conviction of first-degree burglary.  We vacate the restitution portion of his sentence and remand to the district court on this issue.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**