# IN THE COURT OF APPEALS OF IOWA

No. 24-1514
Filed October 15, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAJONISS DEPREE MORMAN-JENKINS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

A criminal defendant argues his due process rights were violated when the district court denied his request for a transcript of the plea hearing and that the district court abused its discretion by denying his motion in arrest of judgment. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

DaJoniss Morman-Jenkins argues his due process rights were violated when the district court denied his request for a transcript of the plea hearing. He further argues that the district court abused its discretion by denying his motion in arrest of judgment. Because the due process claim is being brought for the first time on appeal, error was not preserved. And because Iowa Code section 814.6A (2023) prohibits us from considering Morman-Jenkins's pro se letter purportedly requesting a motion in arrest of judgment, such claim also fails. Finally, because the motion in arrest of judgment that was eventually filed by counsel was not compliant with Iowa Rule of Criminal Procedure 2.24(3)(b), the court did not abuse its discretion in not considering it.

## I.     Background Facts and Procedural Posture.

On the morning of December 10, 2023, police in Waterloo responded to a shooting on Glenwood Street. The victim, identified as R.S., was found in his vehicle suffering multiple gunshot wounds. Investigators reviewed residential surveillance footage showing a white Chevrolet Avalanche arriving at the scene. Three men, later identified as Morman-Jenkins, Marqwane Smith, and Karondius Kelly, exited the vehicle. The video depicted Morman-Jenkins confronting R.S. in the driver's seat, reaching inside the vehicle, physically assaulting him, and ultimately firing several rounds. Afterward, the group rifled through the victim's pockets and took his belongings before fleeing.

The minutes of testimony prepared by the State indicated that numerous witnesses—including the victim, bystanders, police officers, and medical professionals—would corroborate the events, with the surveillance recording

providing critical corroboration of Morman-Jenkins's role as the shooter. The State relied on this evidence to support charges of first-degree robbery, first-degree burglary, willful injury causing serious injury, and attempted murder.

In January and February 2024, prosecutors filed trial informations in two separate cases. The first charged Morman-Jenkins with robbery, burglary, and willful injury. The second, filed shortly after, charged him with attempted murder. In March the district court consolidated the cases, determining they arose from the same occurrence.

On May 21, Morman-Jenkins appeared with court-appointed counsel for a plea hearing. Under a negotiated agreement, he entered guilty pleas to all charges. During the hearing, he confirmed his understanding of the rights he was giving up and, under an *Alford* framework,[1] acknowledged that the evidence would likely convince a jury of his guilt. The court accepted the pleas after finding a factual basis and properly advised him of the requirement to file a motion in arrest of judgment within forty-five days of the hearing and no later than five days before sentencing.

The court initially scheduled sentencing for July 25. Before that date, on June 27, Morman-Jenkins sent a handwritten letter to the court stating he rejected the plea agreement, claimed dissatisfaction with his attorney, and requested new counsel. Counsel later moved to withdraw, and following an August 12 hearing, the court granted the motion and appointed replacement counsel. At that hearing,

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("[A]n express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").

the district court informed Morman-Jenkins that his guilty pleas remained binding because more than forty-five days had passed since entry.

New counsel entered an appearance in mid-August and, on September 10, filed a formal motion in arrest of judgment, asserting that the pleas lacked an adequate factual basis and were the product of deficient representation. Counsel also requested transcripts of the May plea hearing. A separate motion for transcript was filed on September 13.

The district court considered the motions at the September 16 sentencing hearing. It ruled the pro se letter was not a proper motion in arrest of judgment and that the September motion was untimely under Iowa Rule of Criminal Procedure 2.24(3)(b). The court also denied the request for transcripts, noting that it had presided over the plea colloquy and found the pleas voluntary and supported by evidence.

The court proceeded to sentencing, imposing concurrent terms: twenty-five years with a mandatory minimum of seventeen and one-half years for robbery, twenty-five years with a five-year minimum for burglary, ten years with a five-year minimum for willful injury, and twenty-five years with a seventeen-and-a-half-year minimum for attempted murder. Written judgments were entered on September 16. Morman-Jenkins timely filed notices of appeal on September 20.

On appeal, Morman-Jenkins argues his due process rights were violated when the district court denied his request for a transcript of the plea hearing and the court abused its discretion in denying his motion in arrest of judgment.

## II.     Standard of Review.

Constitutional due process claims are normally reviewed de novo.  *State v. Edwards*, 571 N.W.2d 497, 501 (Iowa Ct. App. 1997).  "We review challenges to plea proceedings for correction of errors at law."  *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).  The denial of a motion in arrest of judgment is reviewed for an abuse of discretion.  *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002).  The court "will reverse only if the ruling was based on reasons that are clearly unreasonable or untenable."  *Id*.  Iowa Code section 814.6(2)(f) authorizes discretionary review of "[a]n order denying a motion in arrest of judgment on grounds other than ineffective assistance of counsel claim."

## III.    Analysis.

### A.  Denial of Motion for a Transcript

Morman-Jenkins argues that his new trial counsel needed the plea hearing transcript so that he could provide effective assistance of counsel as guaranteed by the Sixth Amendment.  The State argues that such argument was not preserved.  We agree that Morman-Jenkins did not preserve error.

A request of a transcript to review for "possible further grounds" to arrest judgment and "to pursue certain motions in this matter" is not specific to a constitutional argument.  Morman-Jenkins did not argue that his constitutional right to due process entitled him to a transcript.  Appellate courts are "court[s] of review, not of first view."  *State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022) (citation omitted).  Because Morman-Jenkins did not make his argument below and preserve error, there is nothing for us to review.  *See DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002).

### B. Denial of Motion in Arrest of Judgment

Morman-Jenkins argues the district court abused its discretion in denying his motion in arrest of judgment. He advances two arguments: 1) that his June 27 letter to the court was a timely motion in arrest of judgment that should have been granted; and 2) that because his second attorney filed the motion in arrest of judgment more than five days before sentencing was scheduled it was timely. We disagree.

Morman-Jenkins's June 27 pro se letter to the court stated as follows:

> To Judge . . . . I do not accept and plea offers from the state concerning these case's [sic]. Also I do not feel as if my lawyer . . . has provided substantial and or effective aid. According to my sitxth [sic] amendment constitutional right. I do not want him as my legal representation.

Iowa Code section 814.6A strips the court of authority to consider pro se filings by defendants who are "currently represented by counsel" other than motions for appeal or disqualification of counsel. *See State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021) (citation omitted). Thus, there is no need to decide whether Morman-Jenkins's letter should be interpreted as a substantive pro se motion in arrest of judgment because we cannot consider it even if it were.

Morman-Jenkins next contends that the district court erred in denying the motion in arrest of judgment filed by his second attorney because it was submitted more than five days before sentencing. This argument likewise fails. Under Iowa Rule of Criminal Procedure 2.24(3)(b), such a motion must be filed within forty-five days of the plea *and* at least five days before sentencing. Noncompliance with

either deadline makes the motion untimely. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008).

**AFFIRMED.**